UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| CARLA CHAPMAN AND JENNIFER LOGAN, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiffs, | : | |
| | : | _____ |
| DWAYNE SINGLETON AND SINGLETON AND SINGLETON, LLC, D/B/A DWAYNE C. SINGLETON, LLC A/D/B/A DWAYNE C. SINGLETON ATTORNEY AT LAW, | : : : : : : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## COMPLAINT

COME NOW Plaintiffs, Carla Chapman and Jennifer Logan (hereinafter "Plaintiffs"), by and through their undersigned attorneys, and asserts these claims under the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* ("FLSA") for illegal retaliation, pendant state law claims as set forth below:

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over Dwayne Singleton (hereinafter "Defendant Singleton") and Singleton & Singleton, LLC doing business as Dwayne C. Singleton, LLC, also doing business as Dwayne C. Singleton Attorney at Law (hereinafter "S&S") (hereinafter "all named defendants, collectively are hereinafter

1

"Defendant Employer").

2.

Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391, as the events complained of herein occurred within the geographic boundaries of the Northern District of Georgia.

## PARTIES

3.

Plaintiffs are residents of the state of Georgia and are former employees of Defendant Employer.

4.

Upon information and belief Defendants Singleton is a resident of the state of Georgia and operates a law firm located in Griffin, Georgia.

5.

Upon information and belief, Defendant Singleton may be served with service of process at 1115 Zebulon Road, Griffin, Georgia 30224, in the event that service of process is not waived.

6.

Defendant S&S is a limited liability company formed pursuant to the laws of the state of Georgia and registered with the Georgia Secretary of State to conduct business in this state.

7.

Upon information and belief, Defendant S&S may be served with service of process through its registered agent, Dwayne Singleton at 1115 Zebulon Road, Griffin, Georgia 30224, in the event that service of process is not waived.

8.

Defendant S&S is an alter ego of Defendant Singleton.

9.

Upon information and belief, Defendant S&S and Defendant Singleton have comingled funds and assets, and Defendant S&S has not observed required corporate formalities to be a separate, distinct legal entity from Defendant Singleton.

10.

Defendant S&S and Defendant Singleton, individually, are each an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) as Defendant S&S and Defendant Singleton acted directly or indirectly in their own interest as an employer in interactions with Plaintiffs and in the interest of Plaintiffs' employer by controlling the terms and conditions of employment of Plaintiffs on a day-to-day basis, including but not limited to setting the working hours, conditions of employment, frequency and amount of Plaintiffs' compensation, as well as making the decision to hire or fire Plaintiffs.

## FACTUAL ALLEGATIONS

11.

This action is brought by two former employees Defendant Employer for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"), based upon Defendant Employer's common policy of failing to timely pay employees and retaliating against employees who made complaints of unpaid minimum wages and unpaid overtime, and pendant state law claims for recovery of wages due in excess of minimum wage in *quantum meruit*.

12.

Defendant Employer was engaged in interstate commerce through the acquisition of clients and communication with client using the U.S. Mail, and Defendant Employer utilized interstate banking to transfer funds and payments related to Defendant Employer's operations, process credit card payments from financial institutions located outside of the state of Georgia, and to represent clients who did not reside within the state of Georgia.

13.

Upon information and belief, since 2010, Defendant Employer has had a volume of business in excess of $500,000 per year.

14.

Plaintiffs were engaged in interstate commerce on a regular part of Plaintiffs'

job, as Plaintiffs would receive correspondences, payments, and request for consultations from customers located out of state and provide services to customers using the U.S. Mail, interstate telephone, and other interstate communications.

15.

Plaintiff Chapman began employment with Defendant Employer in 2015.

16.

Plaintiff Logan began employment with Defendant Employer in 2015.

17.

Plaintiffs were hired by Defendant Employer as paralegals to perform clerical tasks at the direction of Defendant Singleton.

18.

Plaintiffs were entitled to federal minimum wage and overtime for time worked in excess of 40 hours per week and were not subject to any exemption from the minimum wage and overtime requirements of the FLSA.

19.

Plaintiffs routinely worked 40 or more hours per week at the direction of Defendant Employer.

20.

Defendant Employer was obligated to pay employees semi-monthly on the 15th and the last day of each month.

21.

Defendant Employer represented to Plaintiffs that they would be paid for all hours worked from the first day of the month though the fifteenth day of the month on the fifteenth day of each month; Defendant Employer represented to Plaintiffs that they would be paid for all hours worked from the sixteenth day of the month though the last day of the month on the last day of each month

22.

As of November, 2015, Plaintiff Chapman was earning $18.00 per hour and Plaintiff Logan was earning $15.00 per hour.

23.

The hourly rates for Plaintiff Chapman of $18.00 per hour and $15.00 per hour for Plaintiff Logan were the reasonable values for their respective services as employees and paralegals.

24.

On or around November 16, 2015, Plaintiffs had not received their pay for the first half of November, 2015.

25.

Plaintiffs were concerned that they were not being paid minimum wage and overtime for their hours worked as required under the FLSA as a result of Defendant Employer not paying Plaintiffs.

26.

Plaintiff asked Defendant Singleton if he was going to pay them; Defendant Singleton gave an evasive answer.

27.

Plaintiffs knew that Defendant Singleton was writing a number of checks that he did not have funds in the bank to cover, and Plaintiffs told Defendant Singleton that he had to pay them under federal law.

28.

Defendant Singleton appeared angry that Plaintiffs were asking to be paid.

29.

Plaintiff's requests to be paid for wages due under the FLSA was protected activity under the FLSA.

30.

A few hours later, Plaintiffs and Defendant Singleton had conference with Plaintiffs.

31.

Defendant Singleton appeared to still be upset that Plaintiffs had raised the issue of not being paid.

32.

During the meeting with Plaintiffs, Defendant Singleton indicated that he did

not have the funds to pay Plaintiffs, and also did not have the funds to pay the prior payroll, and was not sure that he would ever have the funds to pay Plaintiffs for the work they had already done.

33.

Defendant Singleton also told Plaintiffs that he had wanted to notify Plaintiffs earlier that there was no money to pay Plaintiffs, but that Defendant Singleton and his wife decided that Plaintiffs should continue working to see if any additional revenue could be earned.

34.

Defendant Singleton offered Plaintiffs two options: they could continue to work for free, or Plaintiffs would be laid off.

35.

Plaintiffs declined to work for Defendant Employer for free and were laid off.

36.

Defendant Singleton subsequently indicated that Plaintiffs could return to work only if they agreed to accept minimum wage.

37.

The proposed reduction of Plaintiffs pay rates from $18.00 per hour and $15.00 per hour was in retaliation for Plaintiff's complaints that Defendant Employer had not paid Plaintiffs wages they were entitled to under the FLSA.

38.

In further retaliation for Plaintiff's complaints of minimum wage and overtime pay violations under the FLSA, and because Plaintiffs would not agree to work for free, Defendant Singleton reduced Plaintiffs' hourly rates for the last pay period to federal minimum wage of $7.25 per hour.

39.

Other employees, however, who continued to report to work and assented to Defendant Employer not paying minimum wage or overtime as required by the FLSA, were not subjected to a reduction of their hourly pay rates to minimum wage.

40.

Upon information and belief, Defendant Employer subsequently hired additional staff to replace Plaintiffs and paid such replacement staff hourly rates well above minimum wage.

41.

Defendant Employer has not relied on any letter ruling from the Department of Labor regarding any actions complained of herein.

42.

Defendant Employer's conduct constitutes willful violations of the FLSA, entitling Plaintiffs to all relief afforded under the FLSA, including the award of liquidated damages and reasonable costs of litigation and attorneys' fees.

43.

Defendant Employer's conduct complained of herein has caused damage to Plaintiffs in an amount to be proven at trial.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 215 - ILLEGAL RETALIATION

44.

Paragraphs 1 through 43 are incorporated herein by this reference.

45.

Plaintiffs engaged in protected activity under the FLSA and the National Labor Relations Act ("NLRA") by asking that Plaintiffs be paid as required under the FLSA for all hours worked and by declining to agree to work for free.

46.

The same day Plaintiffs requested that Defendant Employer pay them as required by the FLSA, Plaintiffs were subjected to a layoff and Defendant Employer reduced their wages in retaliation for their requests that their wages be paid as required by the FLSA.

47.

Defendant Employer terminated Plaintiffs' employment in retaliation for Plaintiffs' protected activity under the FLSA.

48.

Defendant Employer's retaliatory actions complained of herein give rise to

claims for relief under the FLSA, including but not limited to back pay, front pay, compensatory damages, lost wages, liquidated damages equal to the lost wages, reasonable attorney's fees, and an award of reasonable attorney's fees.

### **COUNT TWO: BREACH OF CONTACT (IN THE ALTERNATIVE UNJUST ENRICHMENT)**

49.

Paragraphs 1 through 48 are incorporated herein by this reference.

50.

Plaintiffs performed valuable services for Defendant Employer as employees of Defendant Employer.

51.

During the course of Plaintiffs' employment, Defendant Employer and Plaintiffs formed a verbal contract that Plaintiff Chapman would be paid an hourly rate of $18.00 per hour worked and that Plaintiff Logan would be paid and hourly rate of $15.00 per hour worked.

52.

During November, 2015, Plaintiffs performed services for Defendant Employer with the reasonable expectation that Plaintiff Chapman would be paid an hourly rate of $18.00 per hour worked and that Plaintiff Logan would be paid and

hourly rate of $15.00 per hour worked.

53.

Plaintiffs were induced to perform services for Defendant Employer as paralegals by Defendant Employer's promise to pay Plaintiffs the hourly rates set forth herein.

54.

Between November 1, 2015, and November 16, 2015, Plaintiffs performed paralegal duties for Defendant Employer which was of value to Defendant Employer.

55.

Defendant Employer had a duty under a verbal contract to pay Plaintiffs their regular hourly rates of $18.00 per hour for Plaintiff Chapman and $15.00 per hour for Plaintiff Logan for time worked at the request of Defendant Employer.

56.

Defendant Employer, however, breached a verbal contract to pay Plaintiffs the specified hourly rates by retroactively reducing Plaintiffs wages to $7.25 per hour.

57.

Defendant Employer's breach of the verbal contract to pay Plaintiffs the specified hourly rates has caused damages to Plaintiff in an amount to be proven at

trial.

58.

The hourly rates agreed upon between Plaintiffs and Defendant employer, that Plaintiff Chapman would be paid an hourly rate of $18.00 per hour worked and that Plaintiff Logan would be paid and hourly rate of $15.00 per hour worked, were the reasonable value of Plaintiffs' services rendered during the final pay period that Plaintiffs worked.

59.

In the alternative, Plaintiff should be paid the reasonable value for services rendered to Defendant Employer.

60.

Defendant Employer would be unjustly enriched if allowed to retain the benefits of Plaintiffs' labor and employment without paying the reasonable value of such services to Plaintiffs.

**WHEREFORE**, the Plaintiff requests this Court:

(a)　take jurisdiction of this matter;

(b)　issue an Order holding Defendant S&S and Defendant Singleton to be an "employer" as that term is defined under the FLSA;

(c)　grant a trial by jury as to all matters properly triable to a jury;

(d)　issue a judgment declaring that Plaintiffs were covered by the

provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e) award Plaintiffs equitable relief in the form of front pay in lieu of reinstatement and grant Plaintiffs an award of back pay from the date of Plaintiffs' termination by Defendant Employer;

(f) award Plaintiffs front pay in lieu of reinstatement;

(g) award Plaintiffs prejudgment interest on all amounts owed;

(h) award Plaintiffs their reasonable attorney's fees and costs;

(i) appoint a permanent monitor to review Defendant Employer's compliance with the requirements of the FLSA each pay period;

(j) enter a permanent injunction prohibiting Defendant Employer from engaging in any future retaliatory acts for activities protected under the FLSA;

(k) award damages as determined by the enlightened conscience of an impartial jury on all claims; and

(l) award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 21st day of December, 2015.

s/ Alex R. Roberson
Alex R. Roberson
Georgia Bar No. 558117
Counsel for Plaintiff

                                      <u>s/ J. Stephen Mixon</u>
                                      J. Stephen Mixon
                                      Georgia Bar No. 514050
                                      Counsel for Plaintiff

MILLAR & MIXON, LLC
1691 Phoenix Boulevard, Suite 150
Atlanta, GA 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039