IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| CARLA CHAPMAN AND JENNIFER LOGAN,<br><br>    Plaintiffs,<br><br>v.<br><br>DWAYNE SINGLETON AND SINGLETON AND SINGLETON, LLC, D/B/A DWAYNE C. SINGLETON, LLC D/B/A DWAYNE C. SINGLETON ATTORNEY AT LAW,<br><br>    Defendants. | CIVIL ACTION NO.<br>3:15-cv-00203-TCB |

### DEFENDANT SINGLETON AND SINGLETON, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Singleton and Singleton, LLC ("Singleton and Singleton"), by and through its counsel of record, hereby submits its Answer and Defenses to Plaintiffs' Complaint, as follows:

### FIRST DEFENSE

Singleton and Singleton denies any and all allegations not specifically admitted herein.

### SECOND DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which

relief can be granted, and to the extent of same, Plaintiffs are barred from recovery.

## THIRD DEFENSE

Singleton and Singleton invokes the defenses, protections and limitations of 29 U.S.C. § 201, et seq. ("FLSA").

## FOURTH DEFENSE

Some or all of Plaintiffs' claims may be barred by operation of the doctrines of waiver, judicial or equitable estoppel, laches, ratification, acquiescence, or unclean hands.

## FIFTH DEFENSE

Some or all of Plaintiffs' claims may be subject to dismissal for lack of subject matter jurisdiction.

## SIXTH DEFENSE

This action is barred to the extent Plaintiffs seek recovery for time which is not compensable time, i.e. "hours worked" under the FLSA.

## SEVENTH DEFENSE

At all times, Singleton and Singleton acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

## EIGHTH DEFENSE

Singleton and Singleton has neither intentionally nor recklessly violated the

- 3 -

FLSA.

### NINTH DEFENSE

Plaintiffs' actions are barred to the extent they seek to recover payment for *de minimis* work time and thus such time is not compensable under the FLSA.

### TENTH DEFENSE

To the extent Plaintiffs seek any damages that are not recoverable under the FLSA, Plaintiffs are barred from such recovery.

### ELEVENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by all applicable statutes of limitations.

### TWELFTH DEFENSE

Plaintiffs' claims against Singleton and Singleton are frivolous, unreasonable, groundless, and brought in bad faith and for improper purposes. Accordingly, Singleton and Singleton is entitled to recover attorneys' fees and other costs associated with the defense of this action.

### THIRTEENTH DEFENSE

Singleton and Singleton has legitimate, lawful reasons for all employment decisions taken, or allegedly taken, with regard to Plaintiffs.

## FOURTEENTH DEFENSE

Some or all of the purported claims in the Complaint are subject to setoff, offset, and/or recoupment.

## FIFTEENTH DEFENSE

Some or all of the purported claims in the Complaint are barred because Plaintiffs were at all times relevant to this action exempt from the timekeeping, minimum wage, and/or overtime provisions of the FLSA and/or other applicable law.

## SIXTEENTH DEFENSE

Plaintiffs are not entitled to some or all of the relief requested in their Complaint because, even if Singleton and Singleton were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiffs, which Singleton and Singleton denies, Singleton and Singleton would have taken the same action with regard to Plaintiffs' employment regardless of any impermissible factors.

## SEVENTEENTH DEFENSE

Any damages that Plaintiffs could recover as set forth in the Complaint must be eliminated or reduced by their failure to mitigate damages.

### EIGHTEENTH DEFENSE

Singleton and Singleton is not an employer within the meaning of the FLSA.

### NINETEENTH DEFENSE

Plaintiffs have failed to state a claim for breach of contract because there was no meeting of the minds between Plaintiffs and Singleton and Singleton.

### TWENTIETH DEFENSE

If any verbal contract existed between Plaintiffs and Singleton and Singleton, which Singleton and Singleton denies, Plaintiffs have failed to satisfy all conditions precedent to Singleton and Singleton's obligation to perform.

### TWENTY-FIRST DEFENSE

If any verbal contract existed between Plaintiffs and Singleton and Singleton, which Singleton and Singleton denies, Singleton and Singleton cured any alleged breach in a timely fashion.

### TWENTY-SECOND DEFENSE

If any verbal contract existed between Plaintiffs and Singleton and Singleton, which Singleton and Singleton denies, Plaintiffs' claims for contractual damages are barred in whole or in part because Plaintiffs failed to perform their contractual obligations.

### TWENTY-THIRD DEFENSE

All or some of Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Singleton and Singleton's actions were justified by legitimate business reasons.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because if any verbal contract existed between Plaintiffs and Singleton and Singleton, which Singleton and Singleton denies, there was a failure of consideration.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claim for injunctive or equitable relief is barred because the Plaintiffs have an adequate and complete remedy at law.

### TWENTY-SEVENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the Statute of Frauds.

### TWENTY-EIGHTH DEFENSE

Some or all of Plaintiffs' state law claims are preempted by the FLSA.

### TWENTY-NINTH DEFENSE

Singleton and Singleton reserves the right to amend and/or supplement its

answers and defenses, to assert additional defenses, and/or additional claims upon the particularization of Plaintiffs' claims, upon discovery, and the review of additional documents and information, and upon the development of other pertinent facts as discovery progresses.

## ADDITIONAL DEFENSES

In further response to Plaintiffs' Complaint, Singleton and Singleton asserts the following additional defenses:

## JURISDICTION AND VENUE

1. Singleton and Singleton admits only that the Court has subject matter jurisdiction under the FLSA. Singleton and Singleton denies that it violated Plaintiffs' rights or that Plaintiffs are entitled to any remedy. Singleton and Singleton denies that the Court has pendent jurisdiction and denies the remaining allegations of paragraph 1.

2. Singleton and Singleton admits only that venue in this Court is proper. Singleton and Singleton denies that it committed any unlawful employment practice or violated Plaintiffs' rights and denies the remaining allegations of paragraph 2.

## PARTIES

3. Singleton and Singleton is without sufficient knowledge or

information to admit or deny the location of Plaintiffs' residences and therefore denies the same. Singleton and Singleton admits only that Plaintiffs are former employees of Singleton and Singleton.

4. Singleton and Singleton admits the allegations in paragraph 4.

5. Singleton and Singleton admits the allegations in paragraph 5.

6. Singleton and Singleton admits only that it was a limited liability company formed pursuant to the laws of the state of Georgia and registered with the Georgia Secretary of State to conduct business in this state.

7. Singleton and Singleton admits the allegations in paragraph 7.

8. Singleton and Singleton denies the allegations in paragraph 8.

9. Singleton and Singleton denies the allegations in paragraph 9.

10. Singleton and Singleton denies the allegations in paragraph 10.

## FACTUAL ALLEGATIONS

11. Singleton and Singleton admits only that this purports to be a lawsuit brought under the FLSA. Singleton and Singleton denies any liability thereunder and denies the remaining allegations in Paragraph 11.

12. Singleton and Singleton denies the allegations in paragraph 12.

13. Singleton and Singleton denies the allegations in paragraph 13.

14. Singleton and Singleton denies the allegations in paragraph 14.

15. Singleton and Singleton admits that Plaintiff Chapman began employment with Singleton and Singleton in 2015.

16. Singleton and Singleton admits that Plaintiff Logan began employment with Singleton and Singleton in 2015.

17. Singleton and Singleton admits only that it hired Plaintiffs as paralegals.  Singleton and Singleton denies the remaining allegations in paragraph 17.

18. Singleton and Singleton denies the allegations in paragraph 18.

19. Singleton and Singleton denies the allegations in paragraph 19.

20. Singleton and Singleton denies the allegations in paragraph 20.

21. Singleton and Singleton denies the allegations in paragraph 21.

22. Singleton and Singleton denies the allegations in paragraph 22.

23. Singleton and Singleton denies the allegations in paragraph 23.

24. Singleton and Singleton denies the allegations in paragraph 24.

25. Singleton and Singleton denies the allegations in paragraph 25.

26. Singleton and Singleton denies the allegations in paragraph 26.

27. Singleton and Singleton denies the allegations in paragraph 27.

28. Singleton and Singleton denies the allegations in paragraph 28.

29. Singleton and Singleton denies the allegations in paragraph 29.

30. Singleton and Singleton admits only that Singleton had a conference with Plaintiffs and denies any remaining allegations in paragraph 30.

31. Singleton and Singleton denies the allegations in paragraph 31.

32. Singleton and Singleton denies the allegations in paragraph 32.

33. Singleton and Singleton denies the allegations in paragraph 33.

34. Singleton and Singleton denies the allegations in paragraph 34.

35. Singleton and Singleton denies the allegations in paragraph 35.

36. Singleton and Singleton denies the allegations in paragraph 36.

37. Singleton and Singleton denies the allegations in paragraph 37.

38. Singleton and Singleton denies the allegations in paragraph 38.

39. Singleton and Singleton denies the allegations in paragraph 39.

40. Singleton and Singleton denies the allegations in paragraph 40.

41. Singleton and Singleton denies the allegations in paragraph 41.

42. Singleton and Singleton denies the allegations in paragraph 42.

43. Singleton and Singleton denies the allegations in paragraph 43.

## COUNT ONE: VIOLATIONS OF 29 U.S.C. § 215 – ILLEGAL RETALIATION

44. Singleton and Singleton incorporates by reference its responses to the allegations in the preceding paragraphs as designated in each paragraph.

45. Singleton and Singleton denies the allegations in paragraph 45.

46. Singleton and Singleton denies the allegations in paragraph 46.

47. Singleton and Singleton denies the allegations in paragraph 47.

48. Singleton and Singleton denies the allegations in paragraph 48.

**COUNT TWO: BREACH OF CONTRACT (IN THE ALTERNATIVE UNJUST ENRICHMENT)**

49. Singleton and Singleton incorporates by reference its responses to the allegations in the preceding paragraphs as designated in each paragraph.

50. Singleton and Singleton admits only that Plaintiffs are former employees of Defendant Singleton and Singleton. Singleton and Singleton denies the remaining allegations in paragraph 50.

51. Singleton and Singleton admits only that during the course of Plaintiffs' employment, Plaintiffs were paid, for a period of time, an hourly rate of $18.00 per hour as to Plaintiff Chapman and $15.00 per hour as to Plaintiff Logan. Singleton and Singleton denies the remaining allegations in paragraph 51.

52. Singleton and Singleton admits only that during November 2015, Plaintiffs performed services for Singleton and Singleton. Singleton and Singleton denies the remaining allegations in paragraph 52.

53. Singleton and Singleton denies the allegations of paragraph 53.

54. Singleton and Singleton admits only that between November 1, 2015 and November 16, 2015 Plaintiffs performed paralegal duties for Singleton and

Singleton.  Singleton and Singleton denies the remaining allegations in paragraph 54.

    55.    Singleton and Singleton denies the allegations in paragraph 55.

    56.    Singleton and Singleton denies the allegations in paragraph 56.

    57.    Singleton and Singleton denies the allegations in paragraph 57.

    58.    Singleton and Singleton denies the allegations in paragraph 58.

    59.    Singleton and Singleton denies the allegations in paragraph 59.

    60.    Singleton and Singleton denies the allegations in paragraph 60.

To the extent that the paragraph beginning with "WHEREFORE" and praying for relief requires a response, Singleton and Singleton denies that Plaintiffs are entitled to any of the relief requested in such paragraph and denies all remaining allegations in such paragraph.

WHEREFORE, having fully set forth its Answer and Defenses to the Complaint herein, Singleton and Singleton hereby requests that all claims against it be dismissed with prejudice, that judgment be entered in its favor, that its costs and fees in responding to this Complaint be assessed against Plaintiffs, and that Singleton and Singleton be awarded all other and further relief as the Court deems appropriate.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendant Singleton and Singleton certifies that the pleading has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

Dated this 2nd day of May, 2016.

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363

*/s/ Katherine Siuta O'Shea*
Bennet D. Alsher
Georgia Bar No. 013682
balsher@fordharrison.com
Telephone: 404-888-3852
Facsimile:  404-832-8702
Katherine Siuta O'Shea
Georgia Bar No. 548704
koshea@fordharrison.com
Telephone: 404-888-3955

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| CARLA CHAPMAN AND JENNIFER LOGAN,<br><br>      Plaintiffs,<br><br>    v.<br><br>DWAYNE SINGLETON AND SINGLETON AND SINGLETON, LLC, D/B/A DWAYNE C. SINGLETON, LLC D/B/A DWAYNE C. SINGLETON ATTORNEY AT LAW,<br><br>      Defendants. | CIVIL ACTION NO.<br>3:15-cv-00203-TCB |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on May 2, 2016, she electronically filed the foregoing **DEFENDANT SINGLETON AND SINGLETON, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**, with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all attorneys of record.

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363
Telephone: (404) 888-3800
Facsimile:  (404) 888-3863

*/s/ Katherine Siuta O'Shea*
Katherine Siuta O'Shea
Georgia Bar No. 548704
koshea@fordharrison.com

Attorney for Defendants

WSACTIVELLP:8393358.1

- 14 -